UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No.07-084 S

FLORENTINO HERNANDEZ-ESTEVEN :

**SENTENCING MEMORANDUM**

______The defendant files this Sentencing Memorandum for consideration by the court in fashioning a sentence in this case.

1. Advisory Guideline Range

The advisory guideline range established by the Pre-Sentence Report in this case is from 57 to 71 months, based on a total offense level of 21 and a criminal history category of IV.

2. Consideration of 18 U.S.C. § 3553(a) Factors

In this case, a consideration of all of the factors enumerated in 18 U.S.C. § 3553 (a) will afford the court the discretion to sentence the defendant to a sentence below the advisory guideline range.

A) Defendant's Early Acceptance

In this case, the defendant agreed to plead guilty almost immediately after his initial appearance before the United States District Court, signing a plea agreement The defendant agreed to plead to an information, saving the government valuable grand jury resources. The defendant's early acceptance can be considered by the court under 18 U.S.C. § 3553(a)(1) as an aspect of the defendant's history and characteristics. While the defendant obviously has

demonstrated an early acceptance responsibility by signing a plea agreement, waiving indictment and waiving his appeal rights, the District of Rhode Island lacks a formal "fast track" program like the ones established in other districts. The court should consider the lack of a "fast track" program in the district of Rhode Island. See United States v. Galvez-Barrios, 355 F.Supp. 2d 958 (E.D. Wis. 2005) (imposing below guideline sentence in part to account for fast-track program).

The United States Sentencing Commission itself has recognized that the lack of uniform policies nationwide in terms of "fast track" programs results in longer sentences. The Commission noted, "[d]efendants sentenced in districts without authorized [fast-track] programs . . . can be expected to receive longer sentences . . . . This type of geographical disparity appears to be at odds with the . . . goal of reducing unwarranted sentencing disparity[.] "[1]

B) The Sentence Called For By Application Of The Advisory Guidelines Will Not Provide For Rehabilitation

Many courts have recognized that non-citizen defendants incarcerated by the Bureau of Prisons have considerably less access to rehabilitative services.[2] In essence, defendants like Mr. Hernandez-Esteven are simply warehoused by the Bureau of Prisons until their certain

---

[1] United Sentencing Commission, Report to the Congress: *Downward Departures From The Federal Sentencing Guidelines,* 66=67 (Oct. 2003), available at http://www.ussc.gov.departrpt03.

[2] See United States v. Navarro-Diaz, 420 F. 3d 581 (6th Cir. 2005) ( Case remanded in light of *Booker* where district court had expressed some concern that defendant would be subject to more severe sentence as he was ineligible for six month half way house); United States v. Davoudi, 172 F. 3d 1130 (9th Cir. 1999) (District court had discretion to depart because defendant facing deportation could not take advantage of six months home confinement provided by 18 U.S.C. § 3624( c ) ); United States v. Pacheco-Soto, 386 F.Supp.2d 1198, 1205 (D.N.M. 2005)(In drug case, below guidelines sentence imposed where district court recognized that the defendant would face more severe confinement because of ineligibility for early release, minimum security classification and drug program).

deportation. While defense counsel concedes that persons who illegally re-enter the United States must pay a penalty for that offense, a sentence like the one here, 51 months at the low end of the guideline range, is so severe as to warrant consideration for a variance.

Mr. Hernandez-Esteven has an excellent work history. See PSR at ¶ ¶ 42-45. The defendant, despite only six years of formal education, came to the United States to work in menial jobs with the goal of only subsisting.

3. Defense Counsel's Sentencing Recommendation

In light of the foregoing, defense counsel would respectfully ask that the court impose a sentence of 30 months of incarceration with such other and further conditions as deemed appropriate by the court.

FLORENTINO HERNANDEZ-ESTEVEN,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281

CERTIFICATION

I hereby certify that I caused a copy of the foregoing to be served on Sandra R. Beckner, AUSA on the 24th day of August, 2007 by of ECF case filing and by faxing a copy to her office.

/s/ Edward C. Roy, Esquire